United States Bankruptcy Court
for the District of Oregon

Frank R. Alley, III, Judge
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

February 3, 2009

Mr. D. Neal Peton
PO Box 12829
Salem, OR 97309

Mr. Michael A. Grassmueck
PO Box 5248
Portland, OR 97208

Mr. Ronald Becker
Office of the U.S. Trustee
405 East 8th Avenue, Suite 1100
Eugene, OR 97401

RE: Case No. 07-62627-fra13     PAMELA D. KONSTANTOPOULOS

Dear Counsel:

    This case was initiated under Chapter 13 of the Code, converted to Chapter 7, and then converted back to Chapter 13.

    At issue is the fee claimed by the Chapter 7 Trustee for his work in the interim between the two Chapter 13 proceedings. He has submitted time records showing 10.60 hours of work performed by the Trustee himself, or his administrative assistant. It appears that the Trustee's time is billed out at $250 per hour, while the assistant is charged at $13.50 per hour. I have reviewed the statement, and find that neither charge is unreasonable, and that the time was reasonably expended. It follows that the total charge of $1,661 is reasonable, if not subject to appropriate adjustment.

    The Debtor complains that the Trustee's handling of a proposed sale of real property was improper, and damaged the estate because a lower sale price was later received.

    Trustees are not required to perform flawlessly. The record suggests that the Trustee, who was appointed while the transaction was being negotiated, was not prepared to proceed blindly based on the representations of the parties and their realtor. See the Trustee's letter of February 14, 2008, admitted as Exhibit 1. It may be that, using hindsight, the estate would have been better off had the Trustee taken the deal immediately. However, I am not prepared to find that he acted negligently.

Messrs. Peton, Grassmueck and Becker
Case No. 07-62627-fra13 PAMELA KONSTANTOPOULOS
February 3, 2009
Page - 2

A Chapter 7 trustee is entitled to be paid for his reasonable services in cases that subsequently convert to Chapter 13. The amount charged by the Trustee in this case is reasonable, and should be allowed.

An order consistent with the foregoing has been entered.

The Court extends its apologies to the parties for the time taken to resolve this matter.

Very truly yours,

FRANK R. ALLEY, III
Bankruptcy Judge

FRA:bdi

cc: Ms. Pamela Konstantopoulos